UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| JAMES SHAYLER | CASE NO.: 2:21–cv–00302–SVW–KS |
| Plaintiff(s), | NEW CASE ORDER |
| v. | |
| MANHATTAN PLACE, INC., et al. | |
| Defendant(s). | |

This case has been assigned to the calendar of Judge Stephen V. Wilson. The Court fully adheres to Rule 1 of the Federal Rules of Civil Procedure which requires that the Rules be "construed, administered, and employed by the court and the parties to secure the just, speedy, and inexpensive determination of every action and proceeding."

Counsel should also be guided by the following special requirements:

1.    The Plaintiff shall <u>promptly</u> serve the complaint in accordance with the Fed. R. Civ. P. 4 and file the proofs of service pursuant to Local Rule 5-3.

2.    The attorney attending any proceeding before this Court <u>must</u> be the attorney who is primarily responsible for the conduct of the case.

///

3.   Motions: Motions shall be filed and set for hearing in accordance with Local Rule 6-1 and Local Rules 7-4 through 7-7. Parties are advised that these Local Rules were amended effective December 1, 2016. Motions are heard on Mondays at 1:30 p.m., unless otherwise ordered by this Court. If Monday is a national holiday, this Court DOES NOT hear motions on the succeeding Tuesday. Any motions noticed for a holiday shall automatically be set to the following Monday without further notice to the parties.

A.   Page Limits: Per Local Rule 11-6, Memoranda of Points and Authorities in support of or in opposition to motions shall not exceed 25 pages. Replies, thereto, shall not exceed 12 pages. These are maximum page limits. The Table of Contents and List of Authorities do not count towards the page limits. It is the Court's preference that the pleadings be shorter. If it cannot be said briefly, then it is not a "brief."

B.   Motions for Summary Judgment: Use of depositions.

Pursuant to Local Rule 32-1, no original or copy of a deposition shall be lodged in support of a Motion for Summary Judgment (or other substantive motion). Counsel shall file the pertinent excerpts of depositions as an exhibit or supplement to said motion.

4.   DISCOVERY: ALL DISCOVERY MATTERS HAVE BEEN REFERRED TO A UNITED STATES MAGISTRATE JUDGE (see initial designation in parenthesis following the case number) for the specific purpose of hearing all discovery matters. Discovery disputes of a significant nature should be brought promptly before the Magistrate Judge. The Court does not look favorably upon delay resulting from unnecessarily unresolved discovery disputes. Any discovery disputes that are not resolved three (3) weeks prior to the scheduled trial date should be brought promptly and directly to the attention of this Court. Counsel are directed to contact the clerk for the assigned Magistrate Judge to schedule the matter for hearing. The words DISCOVERY MATTER shall appear

1    in the caption of all documents relating to discovery to insure proper routing.

2        Per Fed. R. Civ. P. 72(a), the decision of the Magistrate Judge shall be final

3    and binding, subject to modification by the District Court only where it has been

4    shown that the Magistrate Judge's order is clearly erroneous or contrary to law.

5        Either within fourteen (14) days of an oral ruling which the Magistrate Judge

6    indicates will not be followed by a written ruling or within fourteen (14) days of

7    service upon him/her of a written ruling, any party may file and serve a motion for

8    review and reconsideration before this Court. According to Local Rule 72-2.1, the

9    Motion must specifically designate the portions of the decision objected to and

10   specify the such portions of the decision that are clearly erroneous of contrary to

11   law, with points and authorities in support thereof. A copy of these moving papers

12   and responses, etc., shall be delivered to the Magistrate Judge's clerk for review

13   upon the filing of said documents.

14       5.   EX PARTE APPLICATIONS: Ex parte applications are considered by

15   the papers and are not set for hearing. This Court only allows ex parte applications

16   when extraordinary relief is necessary. Counsel are advised to file and serve their

17   ex parte applications as soon as they realize that extraordinary relief is necessary.

18   Sanctions may be imposed for misuse of ex parte applications. See In Re:

19   Intermagnetics America, Inc., 101 Bankr. 191 (C.D. Cal. 1989).

20       The requesting party shall notify the responding party that opposing papers

21   must be filed not later than 3:00 p.m. on the first business day succeeding the day

22   the ex parte application was served. If counsel choose not to oppose the ex parte

23   application, they must inform the clerk by phone at (213) 894-2881. Counsel will

24   be notified by the clerk of the Court's ruling.

25       6.   TRIAL PREPARATION: This Court strives to set trial dates as early as

26   possible and does not approve of unnecessarily protracted discovery. This Court

27   issues an "Order Re: Trial Preparation" upon the setting of a trial date.

28       7.   CONTINUANCES: Per Local Rule 16-9, continuances are granted only

–3–

upon a showing of cause, focusing particularly upon evidence of diligent work by the party seeking delay and of prejudice that may result from the denial of a continuance. Counsel requesting a continuance MUST submit a <u>detailed</u> declaration as to the reason at least five (5) days before the day set for trial or proceeding. Any continuances requested not accompanied by said declaration will be rejected without notice to the parties. This Court sets <u>firm</u> trial dates and will not change them without a showing of good cause.

8.  STIPULATIONS: NO stipulations extending scheduling dates set by this Court are effective unless approved by this Court. All stipulations must be accompanied by a <u>detailed</u> declaration explaining the reason for the stipulation. Any stipulation not in compliance with this Order or the Local Rules of the Central District will automatically be rejected without notice to the parties. Stipulations shall be submitted well in advance of the relief requested. Counsel wishing to know whether or not a stipulation has been signed shall comply with Local Rule 11-4.5.

9.  NOTICE: Counsel for plaintiff, or plaintiff, if appearing on his or her own behalf, is required to promptly give notice of these requirements to the opposing parties or their counsel. If this case came to this Court via a Notice for Removal, this burden falls to the removing defendant.

10.  NOTICE OF REMOVAL: Any answers filed in state court must be re-filed in this Court as a supplement or exhibit to the Notice. If an answer has not been filed, said answer or responsive pleading shall be filed in accordance with the Federal Rules of Civil Procedure and the Local Rules of the Central District. Any pending motions must be re-noticed according to Local Rule 7-4. The Complaint must be filed as both a supplement or exhibit to the Notice and as a separate docket entry after the case is opened.

11.  BANKRUPTCY APPEALS: Counsel shall comply with the ORDER RE PROCEDURE TO BE FOLLOWED IN APPEAL FROM BANKRUPTCY COURT issued at the time the appeal is filed in the District Court. The matter

1    is considered submitted upon the filing of the appellant's reply brief. No oral

2    argument is held unless by order of this Court.

3          12.  TRANSCRIPTS: Requests for transcripts shall be made to the Court

4    Reporter who reported the event. Reporter information can be found on the Court's

5    website at www.cacd.uscourts.gov, under Court Addresses & Directories - Western

6    Spring or Western-Roybal. For additional Court Reporter Information, you may

7    contact the Court Reporter Scheduler at (213) 894-0658. Arrangements for daily

8    transcripts shall be made not later than five (5) days prior to the hearing or trial to

9    be transcribed. Requests for daily transcripts made on the day of the hearing/trial to

10   be transcribed may not be honored; it shall be at the discretion of the assigned court

11   reporter.

12         Counsel representing the United States or one of its agencies shall present a

13   preauthorization purchase order when ordering transcripts.

14         13.  E-FILING:

15         One mandatory chambers copy of only the following filed documents:

16         Civil matters:

17         Motions and related documents (oppositions, replies, exhibits);

18         Ex parte applications and related documents (oppositions and exhibits);

19         Joint Rule 26(f) reports;

20         All pretrial documents.

21         Criminal matters:

22         Motions and related documents and exhibits;

23         Plea agreement(s);

24         Sentencing memoranda

25         Objections to the pre-sentence investigation report.

26         Chambers copies shall be delivered to and placed in the Judge's courtesy box,

27   located outside of the Clerk's office, on the 4th floor, by 5:00 p.m. on the first court

28   date after the filing date.

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

All exhibits, declarations, etc. to chambers copies must be tabbed, where applicable. Blue-backs and hole punches are not required.

Chambers copies of under seal documents shall all be placed together in a manila envelope labeled "UNDER SEAL."

**IT IS SO ORDERED.**

DATED: January 14, 2021

_____

Stephen V. Wilson
United States District Judge